UNITED STATES DISTRICT COURT
for the
Western District of Louisiana
_____ Division

RECEIVED
OCT 21 2021
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

Alex Matthew Hammond
_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

1) Louis Hamilton, M.Sgt; 2) Bruce Young, Major;
3) Vincent Coleman, Colonel; and,
4) James M. LeBlanc, Secretary of the Louisiana Department
of Public Safety and Corrections.
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

Case No. 21-cv-3727
(to be filled in by the Clerk's Office)

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

- Name: Alex Matthew Hammond
- All other names by which you have been known: N/A
- ID Number: 495150
- Current Institution: David Wade Correctional Center
- Address: 670 Bell Hill Rd.
  - City: Homer
  - State: La.
  - Zip Code: 71040-2150

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**
- Name: Louis Hamilton
- Job or Title *(if known)*: Correctional Peace Officer, Master Sargent
- Shield Number: Unknown by plaintiff
- Employer: David Wade Correctional Center, Louisiana Dept. of Corrections
- Address: 670 Bell Hill Rd.
  - City: Homer
  - State: La.
  - Zip Code: 71040-2150
- [✓] Individual capacity  [✓] Official capacity

**Defendant No. 2**
- Name: Bruce Young
- Job or Title *(if known)*: Correctional Peace Officer, Major
- Shield Number: Unknown by plaintiff
- Employer: David Wade Correctional Center, Louisiana Dept. of Corrections
- Address: 670 Bell Hill Rd.
  - City: Homer
  - State: La.
  - Zip Code: 71040-2150
- [✓] Individual capacity  [✓] Official capacity

Defendant No. 3
  Name: Vincent Coleman
  Job or Title (if known): Correctional Peace Officer, Colonel
  Shield Number: Unknown by plaintiff
  Employer: David Wade Correctional Center, Louisiana Dept. of Corrections
  Address: 670 Bell Hill Rd.
  City: Homer, State: La., Zip Code: 71040-2150
  [✓] Individual capacity  [✓] Official capacity

Defendant No. 4
  Name: James M. LeBlanc
  Job or Title (if known): Secretary of the Dept. of Louisiana Public Safety and Corrections
  Shield Number: Unknown by plaintiff
  Employer: Louisiana Dept. of Corrections, State of Louisiana
  Address: 504 Mayflower
  City: Baton Rouge, State: La., Zip Code: 70802
  [✓] Individual capacity  [✓] Official capacity

II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):
  [ ] Federal officials (a *Bivens* claim)
  [✓] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

1.) 1st Amendment Right; harassment and retaliation in conjunction with/for the use of freedom of speech, as it applies to and with the right to redress grievance.

2.) 14th Amendment Right; right to be heard, due process of law, and equal protection of the laws.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

① Defendant Louis Hamilton, at all relevant times, is a correctional peace officer, Master Sargent, in charge of the N-4 unit, A and B tiers, at David Wade Correctional Center (D.W.C.C.); employer) by the Louisiana Department of Public Safety and Corrections (La. Dept. of Corr.).
(SEE ATTACHMENT #1, page #1)

III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☑ Convicted and sentenced state prisoner
☐ Convicted and sentenced federal prisoner
☐ Other *(explain)*

IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.
In the State of Louisiana, Parish of Claiborne, David Wade Correctional Center, South Compound, N-4-Atier. When/while plaintiff is being housed at D.W.C.C, in the year 2020.

C. What date and approximate time did the events giving rise to your claim(s) occur?

Between the dates of August 29th, 2020 -through- August 17th, 2021. Times Vary.

(SEE ATTACHMENT #1, pages 1-5)

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

① On approximately 8/29/2020, plaintiff was escorted to yard area at N-4 unit. Defendant Hamilton harassed plaintiff concerning an old tattoo. Defendant called Capt. Kimball to the unit, who then took body camera pictures and deemed the tattoos old. Defendant was not satisfied or happy about the determination from the Capt. Thus, when plaintiff was being taken off the yard, defendant became very vulgar and disrespectful toward plaintiff. Defendant, after being asked by plaintiff to "respect him as a man," stated to plaintiff, "You ain't no [f%#ing] man, you're an inmate! And, I wish you was back here by me, I'd be [f%#ing] over you every day to show you that, too! Now get moving." Plaintiff was escorted back to N-3-A by Sgt. Walton....

(SEE ATTACHMENT #1, pages 1-5; "Chronology of Events")

V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Plaintiff has suffered emotional distress and despair. Plaintiff has been diagnosed, by a certified mental health psychitrist, with severe depression... more than initially having prior to. Since after these events, the psychitrist has raised the dosage of plaintiffs anti-depression medicine; twice. Now, instead of plaintiff receiving one (1) capsule of prozac, plaintiff now takes three (3) capsules. Plaintiff avers that he does not know the amount of the dosage; he just knows he's taking double the amount he used to take since the events disclosed herein transpired. Plaintiff has also developed a mistrust issue with the D.W.C.C. administration, as it pertains to plaintiffs safety and care in the company of those who've violated his rights. Thus, Plaintiff has developed a sort of paranoia....

VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

1.) Plaintiff is seeking a jury trial, as to correctly take action against all defendants for their participation in violating plaintiffs constitutional rights, and for their deliberate denial to abide by and within the duty of care expected of peace officers and authoritive figures employed by the La. Dept. of Corrections and by the State of Louisiana....

(Continued on ATTACHMENT #2, pages 1-3)

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

David Wade Correctional Center
670 Bell Hill Rd.
Homer, La. 71040-2150

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☑ Do not know

If yes, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?
David Wade Correctional Center, 670 Bell Hill Rd, Homer, La. 71040-2150. To the Legal Liaison at D.W.C.C., Nikki Discaj; who is the Head Warden's designee.

2. What did you claim in your grievance?
That my 1st and 14th United States Constitutional Amendment Rights were violated by the first two (2) defendants listed herein. I had to file two (2) separate Administrative Remedy Procedure(s), because according to D.W.C.C. policy, I was only allowed to state one claim, per A.R.P. (SEE ATTACHMENT #1, pages 1-4)(Chronology of Events)

3. What was the result, if any?
Both DWCC-2020-0752 and DWCC-2020-0820 were denied relief by defendant, Col. Vincent Coleman, at the FIRST STEP REVIEW.

(SEE Attachments #3 and #5)

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.)
After both A.R.P.'S were denied at FIRST STEP, institutional level, I proceeded to have them reviewed at the SECOND STEP REVIEW, by the SECRETARY of the Dept. of Corrections; defendant James M. LeBlanc. Both A.R.P.'s were also denied at SECOND STEP. Plaintiff has exhausted at institutional and administrative levels.

(SEE ATTACHMENT #1, pages 4 and 5; paragraphes 11-26. And, SEE ATTACHMENTS #4 and #6)

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

_____

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_____

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

(SEE ALL ENCLOSED ATTACHMENTS, PLEASE.)

(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes
☑ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) _____

   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?

   ☐ Yes
   ☐ No

   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☒ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) _____

   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____

Alex M. Hammond #495150
Case 5:21-cv-03727-TAD-MLH Document 1 Filed 10/21/21 Page 11 of 19 PageID #: 11
Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/14/2021

Signature of Plaintiff: *Alex M. Hammond*
Printed Name of Plaintiff: Alex M. Hammond
Prison Identification #: 495150
Prison Address: 670 Bell Hill Rd.
Homer, La. 71040-2150

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____
Telephone Number: _____
E-mail Address: _____

(Continued From Page 4)

## II. Basis for Jurisdiction

### D. "Color of Law"

② Defendant, Bruce Young, at all times relevant, is a correctional peace officer, Major in charge of the South Compound at D.W.C.C., employed by the La. Dept. of Corr.; in which he has a conventional obligation to maintain a duty of care and ordinary care in service as a employee of the State of Louisiana.

③ Defendant, Vincent Coleman, at all times relevant, is a correctional peace officer, Colonel, in charge of the South Compound and is established as the A.R.P. First Step Review and Response(s) at D.W.C.C., and is employed by the La. Dept. of Corr.; in which he is bond by conventional obligation to maintain a duty of care, ordinary care and responsibility in service as an employee of the State of Louisiana.

④ Defendant, James M. LeBlanc, at all times relevant, is the Secretary of the Dept. of Corr., who is in charge of over-seeing D.W.C.C. and is responsible for the A.R.P.'s Second Step Review and Response(s); in which he is bond by conventional obligation to maintain a duty of care, ordinary care and responsibility in service as an employee of the State of Louisiana.

(Continued From Page 5)

## IV. Statement of Claim

### (C.) and (D.)

② On approx. 9/11/20, without legitimate cause and/or reason(s), plaintiff was transferred from N-3 unit, to N-4 unit; A-tier, cell #6, which is defendant Hamilton's work area. Defendant Hamilton made a round down A-tier and stated to plaintiff, "Uh-huh... I knew I was gone get your [a%#]" Plaintiff attempted to defuse further conflict and stated to defendant Hamilton, "I don't want any trouble, Sarg, you got that...." Defendant Hamilton the stated to plaintiff, "Yeah, whatever, I don't wanna hear that [b%#1]! Take your [ick..." Defendant walked off the tier. Offender Mark Morris #287768 is a witness to this, as he was housed in N-4-A#5 at the time....

(Page 1 of 5)

ATTACHMENT #1, CONTINUED

③ On approx. 9/12/20, plaintiff noticed hair and lent/dust bunny in his lunch meal. Plaintiff brought the issue to defendant Hamilton's attention. Defendant brashly told plaintiff, "You gone be alright.... Either you gone eat it or not." Plaintiff did not eat the meal. Later, same day, plaintiff talked to Lt. Pietch and Capt. Kimball about defendant Hamilton's misconduct toward plaintiff. After plaintiff reported defendant's misconduct to supervisor(s), no resolve was provided.

④ On approx. 9/16/20 plaintiff placed two(2) personal letters in the cell tray hatch to be placed in the provided out-going mailbox for N-4 unit. Defendant Hamilton refused to pick up plaintiff's mail; which resulted in plaintiff asking officer Sgt. Burns, who was conducting pill call, to place his mail in the mailbox. Also, plaintiff explained to Sgt. Burns of his mistrust of defendant Hamilton and how defendant has shown misconduct toward plaintiff....

⑤ On 9/27/20, defendant Hamilton falsified an B.V.R. (Rule Violation Report) against plaintiff which resulted in plaintiff being placed on strip cell for 24 hrs, charged restitution fee of $132.00 and 12 weeks loss of yard and rec.

⑥ On 10/6/20 defendant Hamilton issued trays for the last meal of the day and plaintiff noticed hair in his food. Plaintiff again reported it to defendant, and again, defendant told plaintiff "he'd be alright" and left the tier. Again plaintiff did not eat the meal....

⑦ On 10/15/20, defendant Hamilton issued second meal. Plaintiff noticed that his meal was the "only" one with pineapples as a dessert, rather than the assigned bread-pudding that was on every other tray besides his. Plaintiff again did not eat a meal.

⑧ On 10/23/20 defendant Hamilton issued juice and coffee while plaintiff slept and only put juice in plaintiff's cup; even after plaintiff, on numerous occassions assured defendant that he does not drink the juice. Plaintiff woke while defendant passed out breakfast trays and asked defendant for some coffee and defendant lied saying there was no more coffee. Plaintiff then asked defendant Hamilton if he'd call his supervisors, as plaintiff would like to talk to them about defendants actions towards plaintiff. Defendant vehemently stated to plaintiff, "I ain't calling nobody, you know how to get them down here...." That comment by defendant resulted in plaintiff holding the cup

(Page 2 of 5)

Attachment #1; continued...                                          Alex M Hammond #495750

spoon and tray. After defendant picked up utensils, approx. 5-10 minutes later, Lt. Pietch and Capt. Elmore were called to plaintiff's housing. Upon the first verbal order of Lt. Pietch, plaintiff, without fuss, immediately relinquished the utensils. Lt. Pietch and Capt. Elmore asked plaintiff "what was going on?" Plaintiff explained the constant harassment and patronizing by defendant Hamilton towards plaintiff. Plaintiff then reminded Lt. Pietch that he'd once before complained to Lt. Pietch of defendant Hamilton's misconduct toward plaintiff. Lt. Pietch agreed, that he did recall plaintiff's prior complaint against defendant Hamilton. Both, the Lt. and Capt., understanding plaintiff's concern(s) and distress, agreed to discuss the matter with defendant Hamilton; and, further advised plaintiff to be calm and trust them to talk to the defendant." The Capt. left the tier, while the Lt. reassured plaintiff he would talk to defendant Hamilton about what was going on. After the Lt. and Capt. left the unit, after speaking to defendant Hamilton, the defendant, not being pleased with Lt. Pietch's and Capt. Elmore's assessment of the situation, called defendant Maj. Bruce Young to the unit. Defendant Young approached plaintiff's housing and asked plaintiff "what was going on?" Plaintiff explained defendant Hamilton's persistent harassment and patronizing of plaintiff to an impatient Maj. Young. When plaintiff was done, defendant Young, without explaination, told plaintiff he was being placed on "food loaf" (alternative food service) for seven (7) days. Plaintiff asked defendant Young why was he being placed on food loaf, as he had not violated any rule infraction. Defendant Young stated to plaintiff, "Because, I can....." Defendant Young then left the tier and plaintiff was placed on Alternative Food Service for seven (7) days without being given an R.V.R. or any reasonable and/or logical explaination as to why. Offender Mark Morris #287768, being housed in N-4-A#5, and offender Anthony Dempster #608470, being housed in N-4-A#1, can and will verify this incident as stated.

⑨ On 10/28/20, defendant Col. Vincent Coleman made a round on N-4-A tier. Plaintiff stoped defendant Coleman and explained the harassment, patronizing and retaliation

(Page 3 of 5)

of defendants Hamilton and Young for plaintiff's attempts to report the misconduct of defendant Hamilton, toward plaintiff. With no resolution, defendant Coleman only stated, to plaintiff, "Do what you need to do to stay out of trouble and I'm going to see what I can do."

(10) On 10/29/20, Warden Beard and Warden Mays made rounds on N-4-Atier. Plaintiff stopped Warden Mays and explained the misconduct of defendants Hamilton and Young; and plaintiff stated it's on-going and has him uncomfortable around defendants. Warden Mays told plaintiff, "Just do what you need to do to stay out of trouble and don't get any write-ups. And still, no resolve was provided.

(11) On 11/11/20, plaintiff wrote an Administrative Remedy Procedure (A.R.P.) on defendants Hamilton and Young, concerning their failure to provide plaintiff with due process of laws, before placing him on alternative food service....

(12) On 11/12/20, plaintiff wrote an A.R.P. on defendants Hamilton and Young for their harassment and retaliation against plaintiff. This A.R.P. was submitted on 11/13/20.

(13) On 11/19/20, the A.R.P. submitted on 11/13/20 was placed on backlog process and given the case number of: DWCC-20-0752.

(14) On 12/2/20, plaintiff submitted A.R.P. wrote on 11/11/20.

(15) On 12/7/20, the A.R.P. submitted on 12/2/20 was placed on backlog process and was given the case number of: DWCC-20-0820.

(16) On 3/1/21, A.R.P. DWCC-20-0752, was accepted into the "First Step" grievance process and plaintiff was notified that he'd be issued a response within 40 days of the date of 3/1/21.

(17) On 4/16/21, 49 days of acceptance of DWCC-20-0752, plaintiff had not received a response to DWCC-20-0752; thus, plaintiff wrote a Request for a Status update of DWCC-20-0752.

(18) On 4/22/21, plaintiff's First Step grievance was deemed to be without merit, by First Step Respondent and defendant Col. Vincent Coleman.

(page 4 of 5)

(19) On 4/25/21, plaintiff, within proper time and fashion, requested for A.R.P. DWCC-20-0752 to proceed to Second Step Review / Relief; and, plaintiff attached his "Reason(s) for Second Step Review."

(20) On 5/3/21, plaintiff's request to have DWCC-20-0752 sent to the Secretary had been received by DWCC Legal Liaison, Nikki McCoy and few necessary documents, according to Nikki McCoy, were sent to the Secretary for review.

(21) On 6/2/21, plaintiff's request for review and relief for DWCC-20-0752, at Second Step Review, was denied by defendant James M. LeBlanc.

(22) On 6/19/21, A.R.P. DWCC-20-0820 was accepted at the First Step proceeding.

(23) On 7/13/21, First Step respondent, defendant Col. Vincent Coleman, falsified the First step response, by stating that he had reviewed an R.V.R. that reflected the plaintiff violated a rule violation; which was justification to place plaintiff on Alternative Food Service (food loaf) implementation. Thus, defendant Coleman stated to find nothing to substantiate plaintiff's allegations; and Unit Head, Warden Jerry Goodwin signed off on that response.... DWCC-20-0820 was denied.

(24) On 7/18/21, within the proper time limitations, plaintiff requested to proceed to the Second Step Review; and, attached his "Reason(s) For Requesting Second Step Review."

(25) On 7/23/21, plaintiff's request to have DWCC-20-0820 sent to Secretary had been received by DWCC Legal Liaison, Nikki McCoy, and the necessary documents were sent to the Secretary for review; according to Nikki McCoy.

(26) On 8/17/21, plaintiff's request for relief at Second Step Review of DWCC-20-0820, by defendant James M. LeBlanc, was concurring with First Step Respondent, defendant Col. Coleman, and denied relief of plaintiff's Second Step Request of Review and Relief....

I, Alex M. Hammond, hereby declare, under the penalty of perjury, that all information provided herein is true and factual and correct....

Thus duly done by: Alex M. Hammond
Done On: 10/3/21

(Page 5 of 5)

## VI. BELIEF

2) Plaintiff is seeking monetary compensation for punitive damages of $5,000 from defendant Louis Hamilton. Defendant Hamilton has wantonly harassed, retaliated and falsified documents to insure plaintiff's discomfort and misery, while defendant performed in his official capacity and exercising his official responsibilities. Plaintiff avers that defendant has a history of acting ill-mannered towards offenders and has the likelihood of recurring such violations if he is not held responsible for his continued misconduct. As a prison official may not retaliate against or harass an offender for exercising his right of freedom of speech in conjunction with seeking redress of grievance, or for complaining to a supervisor about a guard's misconduct. Defendant has abused his authoritive position, given to him by the Dept. of Corrections and the State of Louisiana by violating plaintiff's rights.

Plaintiff seeks monetary compensation for monetary damages of $1,500 from defendant Hamilton. Defendant refused to cease his misconduct toward plaintiff until plaintiff filed a written grievance against defendant for his misconduct, even after several attempts by plaintiff to defuse further conflict. Had it not been for plaintiff's filed grievance, plaintiff avers that defendant would have continued to harass him wantonly.

Plaintiff seeks monetary compensation for general damages of $500 from defendant Hamilton, as as defendant wantonly caused plaintiff unnecessary emotional strain, suffering and inconvenience of time, funds and livelihood.

3) Plaintiff seeks monetary compensation for punitive damages of $5,000 from defendant Bruce Young. Defendant Young, performing in his official capacity and exercising his official responsibilities, wantonly inforced a punishment on plaintiff, knowing plaintiff was correctly utilizing his constitutional rights of freedom of speech, in conjunction with seeking redress of grievance. Defendant abused his authoritive position, given to him by the Dept. of Corrections and the State of Louisiana, by imposing a punishment against plaintiff in his pursuit of exercising his 1st Constitutional Amendment Right. And, in the process, plaintiff avers defendant violated plaintiff's 14th Constitutional Amendment Rights of Equal Protection of law and Due Process of law; as defendant imposed a punishment to plaintiff under the false guise of plaintiff committing a rule violation that had not occurred.

(Page 1 of 3)

Plaintiff seeks monetary compensation for general damages of $500 from defendant Young, as defendant has wantonly caused plaintiff unnecessary emotional strain, suffering and an inconvenience of time, funds and livelihood.

4) Plaintiff seeks monetary compensation for punitive damages of $5,000 from defendant Vincent Coleman. Defendant Coleman, while performing in his official capacity and exercising his official responsibilities, wantonly falsified documents going to the Secretary of the Dept. of Corrections, for Second Step Review, to pursuade a judgement in favor of defendants Hamilton and Young, against plaintiff's assertion of misconduct. In doing so, defendant Coleman has wantonly abused his authoritive position given to him by the Dept. of Corrections and the State of Louisiana and turned a blind eye to facts that plaintiff's constitutional amendment rights were being violated....

Plaintiff seeks monetary compensation for compensatory damages of $1,500 from defendant Coleman for his failure to perform his duties properly; as he is responsible for giving correct information as a First Step Respondent in this case. And, for defendant having first-hand knowledge of plaintiff's assertion of defendants Hamilton and Young's misconduct; and, by not doing anything to further prevent further incidents from transpiring the defendants Hamilton, Young and plaintiff. Defendant Coleman wantonly and diliberately failed to utilize his authority for just and/or right cause in view of the safety of plaintiff, as defendants duty of care requires of him. And, defendant failed to properly, accurately and correctly provide truthful disposition as a First Step Respondent in this case....

Plaintiff seeks monetary compensation for general damages of $500 from defendant Coleman; as defendant wantonly caused plaintiff unnecessary emotional strain, suffering and an inconvenience of time, funds and livelihood.

5) Plaintiff seeks monetary compensation for punitive damages of $5,000 from defendant James M. LeBlanc. Defendant LeBlanc, while performing in his official capacity and exercising his official responsibilities, has the the means and resources to properly investigate the claims and arguments of plaintiff's A.R.P. and "Reason(s) for Second Step Review"; in determining the facts from false information. Yet, defendant chose to turn a blind eye to the constitution

(Page 2 of 3)

al violations being rendered upon plaintiff and concurred with the First Step Respondent, defendant Vincent Coleman. Defendant LeBlanc abused the authoritive position given to him by the Dept. of Corrections and the State of Louisiana by failing to properly utilize his resources to investigate plaintiff's claims and arguments of constitutional violations rendered upon him....

Plaintiff seeks monetary compensation of $1,500 from defendant LeBlanc, as defendant failed to properly perform his duties and responsibilities of examining all relevant information at defendants disposal, in order to conclude whether ligitimate information was provided by First step respondent and by plaintiff in his Reason(s) for Second Step Review. Had the defendant done so, he would have discovered the truth in plaintiff's claims and argument(s) and the fallacy in defendants' First step response going to him, and the reasons of which defendant Coleman disclosed the fallacy in the First step response. Plaintiff seeks monetary compensation for general damages of $500 from defendant LeBlanc, as defendants actions, or lack thereof, has caused plaintiff unnecessary emotional strain, suffering and inconvience of time, funds, resources and livelihood.

Thus duly done by: /s/ Alex M. Hammond
Alex M. Hammond

(Page 3 of 3)